NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FRANCISCO NUNEZ CARRILLO, *Appellant*,

*v.*

STATE OF ARIZONA, *Appellee*.

No. 1 CA-HC 25-0002

FILED 07-07-2026

Appeal from the Superior Court in Maricopa County
No.  CR2018-146733-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

APPEARANCES

Francisco Nunez Carrillo, Eloy
*Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Judge Andrew J. Becke joined.

_____

**B R O W N**, Judge:

**¶1**        Francisco Nunez Carrillo appeals the superior court's order denying his request to be released from prison under A.R.S. § 13-4121, which authorizes a person unlawfully imprisoned to petition for a writ of habeas corpus.

**¶2**        In June 2019, a jury found Carrillo guilty of two counts of aggravated assault and one count of discharge of a firearm within city limits. The superior court sentenced Carrillo to concurrent prison terms of 24 years for the aggravated assault convictions and 3.75 years for discharging the firearm.

**¶3**        Carrillo appealed and his counsel filed an *Anders* brief. *See State v. Carrillo*, 1 CA-CR 19-0492, 2020 WL 4007047, at *1, ¶ 1 (Ariz. App. July 16, 2020) (mem. decision) ("*Carrillo I*"). This court vacated one of Carrillo's aggravated assault convictions and sentences because they were multiplicitous and thus violated double jeopardy protections. *Id.* at *3, ¶¶ 13–14. The remaining convictions and sentences were affirmed. *Id.* at *4, ¶ 17.

**¶4**        In 2020, Carrillo petitioned for post-conviction relief in the superior court, asserting ineffective assistance of counsel and multiplicitous convictions. The superior court dismissed his petition, noting Carrillo was precluded from obtaining relief for any issue previously adjudicated on appeal. *See* Ariz. R. Crim. P. 32.2(a)(2). In September 2021, this court granted review of the petition but denied relief.

**¶5**        Three years later, Carrillo filed a notice requesting post-conviction relief, asserting ineffective assistance of counsel and newly-discovered material facts. The superior court dismissed Carrillo's request because he failed to state a claim for which relief could be granted.

**¶6**        In December 2024, Carrillo filed a petition for writ of habeas corpus in the supreme court, asserting he was being wrongfully held in custody. *See* Ariz. Sup. Ct. Order No. HC-24-0012 (Mar. 3, 2025). The

supreme court issued an order denying his petition and noted that Carrillo could seek appropriate relief in the superior court. *Id.* Carrillo then filed a prosecution of writ ("Habeas Petition") in the superior court, asserting he is being unlawfully imprisoned due to multiplicitous convictions. The superior court denied his Habeas Petition, and Carrillo appealed.

**¶7** As best we can tell, Carrillo again argues his two convictions for aggravated assault are multiplicitous because they stemmed from one act, and thus his sentence was illegal and excessive. However, these issues cannot be properly challenged under the narrow scope of a habeas corpus proceeding.

**¶8** Generally, "the writ of habeas corpus may be used only to review matters affecting a court's jurisdiction." *In re Oppenheimer*, 95 Ariz. 292, 297 (1964). "The sole function of habeas corpus is to obtain the release of one unlawfully detained." *State v. Abbott*, 103 Ariz. 336, 339 (1968). Carrillo does not raise any issue affecting the superior court's jurisdiction to enter a judgment of guilt and sentence him to prison.

**¶9** Instead, Carrillo challenges the validity of his convictions and sentences, which means the superior court should have treated Carrillo's Habeas Petition as one for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. *See* Ariz. R. Crim. P. 32.3(b) (noting that any application or request for relief, regardless of its title, that challenges the validity of a conviction or sentence shall be treated as a request for post-conviction relief). Even so, Carrillo's Habeas Petition would not have included a colorable claim because he has participated in two Rule 32 proceedings, and more importantly, this court essentially granted Carrillo's request for relief in *Carrillo I*. Thus, we affirm the superior court's order denying Carrillo's Habeas Petition.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR